UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FABIAN A.,** | Civil Action No. 21-1384 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **DEPARTMENT OF HOMELAND SECURITY, et al.,** | |
| Respondents. | |

Presently before the Court is the petition for a writ of habeas corpus of Petitioner Fabian A. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 11). Petitioner did not file a reply. For the following reasons, Petitioner's habeas petition is denied without prejudice.

**I.  BACKGROUND**

Petitioner is a native and citizen of Jamaica who entered the United States on a visitor visa in September 2014. (Document No. 1 attached to ECF No. 11 at 1). Although that visa expired in October 2014, Petitioner failed to leave the United States. (*Id.*). Petitioner was therefore taken into immigration custody in December 2019 and placed in removal proceedings based on his having overstayed his visa. (*Id.*). Following proceedings before an immigration judge, Petitioner was ordered removed on September 11, 2020. (Document 6 attached to ECF No. 11). Petitioner appealed that decision to the Board of Immigration Appeals, which dismissed his appeal on March 4, 2021. (Document No. 7 attached to ECF No. 11). It does not appear that Petitioner sought further review through a petition for review.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his habeas petition, Petitioner chiefly argues that his period of immigration detention has become unduly prolonged and that he should therefore be entitled to either bond or his outright release from immigration detention. Petitioner also appears to wish to challenge the merits of two bond decisions rendered by an immigration judge prior to his being ordered removed. As Petitioner has been ordered removed, and as the BIA dismissed his appeal in March 2021, however, Petitioner is currently detained pursuant to 8 U.S.C. § 1231(a), the statute which governs post-final order of removal detention. S*ee* 8 U.S.C. § 1231(a)(1)(B)(ii); *Leslie v. Attorney General of the United States*, 678 F.3d 265, 268-70 (3d Cir. 2012). As Petitioner is now held under that statute, any challenge to his previous period of detention under 8 U.S.C. § 1226(a) – including any challenge he may have to the bond hearings he was provided during that period of detention – are

2

now moot. *See, e.g., Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (entry of final order of removal in the form of dismissal of appeal by the BIA renders challenges to pre-final order detention under § 1226 moot).

Petitioner's claim of overlong detention must therefore be evaluated under the rubric applicable to post-final order of removal detention under § 1231(a). Because Petitioner is detained under § 1231(a), the propriety of his current period of detention is controlled by the Supreme Court's decision in *Zadvydas* and the Third Circuit's decision in *Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F3.d 208, 225-26 (3d Cir. 2018). As the Supreme Court has explained,

> Under [§ 1231(a)], when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days, 8 U.S.C. § 1231(a)(1)(A), and the alien must be detained during that period, § 1231(a)(2). After that time elapses, however, § 1231(a)(6) provides only that aliens "*may* be detained" while efforts to complete removal continue. (Emphasis added).
>
> In *Zadvydas*, the Court construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond "a period reasonably necessary to secure removal," [533 U.S. at 699,] and it further held that six months is a presumptively reasonable period, *id.* [at 701.] After that, the Court concluded, if the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release the alien. *Ibid.*

*Jennings v. Rodriguez*, --- U.S. ---, 138 S. Ct. 830, 843 (2018).

Pursuant to *Zadvydas*, any challenge to § 1231(a) detention by an alien who has been detained pursuant to § 1231(a) for less than six months must be dismissed as prematurely filed. *Id.*; *Zadvydas*, 533 U.S. at 701. Although the Third Circuit has provided an alternative avenue for relief in the form of a bond hearing for those alien's whose detention under § 1231(a) has become prolonged, the Third Circuit, too, has recognized that such challenges may not be brought until the alien has been held under § 1231(a) for at least six months. *See Guerrero-Sanchez v. Warden York*

3

*Cnty. Prison*, 905 F3.d 208, 225-26 (3d Cir. 2018). *Zadvydas* and *Guerrero-Sanchez* thus make it abundantly clear that an alien detained pursuant to § 1231(a) *must* be detained during the statutory ninety-day removal period and that he may not thereafter challenge his detention under § 1231(a) until he has been detained under the statute for at least six months. As Petitioner has only been detained under § 1231(a) since March 4, 2021, he is still within the presumptively reasonable six-month period established in *Zadvydas*, and his detention remains a constitutional application of § 1231(a). Petitioner's challenge to the length of his detention is therefore premature and provides no basis for habeas relief.

In addition to his challenges to his current period of detention, Petitioner in his habeas petition also seeks to attack the merits of his underlying removal proceedings – including by challenging the charges of removability and other aspects of the removal decision of the immigration judge. In adopting the REAL ID Act, however, Congress greatly restricted the jurisdiction of district courts to grant relief to petitioners who seek to challenge the merits of their removal proceedings through a habeas petition. *See* 8 U.S.C. § 1252(a)(5). Pursuant to the Act,

> [n]otwithstanding any other provision of law (statutory or nonstatutory), including [28 U.S.C. § 2241], or any other habeas corpus provision, and [28 U.S.C. §§ 1361 and 1651, the statutes which provide the basis for mandamus jurisdiction,] a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus pursuant to [28 U.S.C. § 2241], or any other habeas corpus provision, [28 U.S.C. §§ 1361 and 1651], and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5). The statute likewise provides that

4

> [j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under [8 U.S.C. § 2241] or any other habeas corpus provision, by [28 U.S.C. §§ 1361 or 1651], or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). As the Third Circuit has explained, Congress's goal in passing the REAL ID Act was "to streamline . . . uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review)," which Congress sought to achieve "[b]y placing all review in the courts of appeals [thus providing] an adequate and effective alternative to habeas corpus." *Verde-Rodriguez v. Atty' Gen.*, 734 F.3d 198, 206-07 (3d Cir. 2013).

Petitioner's challenges to the merits of the immigration judge's determinations clearly fall within the ambit of the REAL ID Act, and this Court is without jurisdiction to review them. 8 U.S.C. § 1252(a)(5). To the extent Petitioner wishes to challenge the immigration judge's merits decisions, including as to the legality of his charges of removability, he may do so only by filing a petition for review with the appropriate court of appeals. Petitioner's challenges to the merits of his removal proceedings are therefore dismissed for lack of jurisdiction.

### III. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED WITHOUT PREJUDICE**. An appropriate order follows.

*s/Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge
